**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

KDF FORESTRY, INC.,

KDF ENTERPRISES, LLC,

     Plaintiffs,

v.

MARK WELLS,
**Serve at:**
24518 Karman Avenue
Lincoln, Missouri 65338

DAWN WELLS a/k/a CYNTHIA DAWN
SMITH a/k/a CYNTHIA WELLS
**Serve at:**
24518 Karman Avenue
Lincoln, Missouri 65338

KRISTINA ORCHEKOWSKI
**Serve at:**
8011 Null Court
Spring, Texas 77379-6122

MISSOURI CONTRACTING & EROSION
CONTROL, LLC
**Serve at Registered Agent at:**
59151 Redbud Road
California, Missouri 65018

MCEC SERVICES, LLC
**Serve Registered Agent at:**
343 Big Bear Drive
Post Office Box 2555
Lake Ozark, Missouri 65049

247 RANCH, LLC
**Serve Registered Agent at:**
881 Baxter Drive
Suite 100
South Jordan, Utah 84095

Case No.:  2:23-cv-04072

**JURY TRIAL DEMANDED**

KDF TRANSPORTATION, INC.
**Serve Registered Agent at:**
117 South Lexington Street
Suite 100
Harrisonville, Missouri 64701

DOUBLE DIAMOND FARMS, LLC
**Serve Registered Agent at:**
59151 Redbud Road
California, Missouri 65018

DOUBLE DIAMOND ENTERPRISES, LLC
**Serve Registered Agent at:**
59151 Redbud Road
California, Missouri 65018

247 CATTLE DRIVE, LLC
**Serve Registered Agent at:**
5900 Balcones Drive,
Suite 100
Austin, Texas, 78731

WEST COAST ENTERPRISES, LLC
**Serve Registered Agent at:**
343 Big Bear Drive
Post Office Box 2555
Lake Ozark, Missouri 65049

SHOW ME LOGGING, LLC
**Serve Registered Agent at:**
343 Big Bear Drive
Post Office Box 2555
Lake Ozark, Missouri 65049

247, INC.
**Serve Registered Agent at:**
24518 Karman Avenue
Lincoln, Missouri 65338

RAE'S RANCH, LLC
**Serve Registered Agent at:**
24518 Karman Avenue
Lincoln, Missouri 65338

and

2

GW2, LLC
**Serve Registered Agent at:**
24518 Karman Avenue
Lincoln, Missouri 65338

      Defendants.

## <u>COMPLAINT</u>

COME NOW KDF Forestry, Inc. ("Forestry") and KDF Enterprises, LLC ("Enterprises") (collectively "Plaintiffs") and for their Complaint state and allege as follows:

### Parties, Jurisdiction, and Venue

1.      Forestry is a corporation organized under the laws of the State of California with its principal place of business in the State of Alabama. Forestry is full service vegetation, debris management and tree care company. Its core services center around its Energy and Environmental Division and includes utility and powerline right of way maintenance, wind farm management, and hydroseeding.

2.      Enterprises is a limited liability company organized under the laws of the State of Georgia with its principal place of business in the State of Alabama. Enterprises is a nationwide provider of personnel, equipment and services for disaster recovery of all scorers and magnitudes – as well as general contracting and staffing solutions. Its management team has responded to hurricanes, flooding, agricultural disasters, debris management, site clearing, and right-of-way maintenance.

3.      Defendant Mark Wells ("Wells") is an individual and citizen of the State of Missouri and presently resides at 24518 Karman Avenue, Lincoln, Benton County, Missouri 65338.

4. Defendant Dawn Wells a/k/a Cynthia Dawn Smith a/k/a Cynthia Wells ("Smith-Wells") is an individual and citizen of the State of Missouri and presently resides at 24518 Karman Avenue, Lincoln, Benton County, Missouri 65338.

5. Defendant Kristina Orchekowski ("Orchekowski") is an individual and citizen of the State of Texas and presently resides at 8011 Null Court, Spring, Harris County, Texas 77379.

6. Defendant Missouri Contracting & Erosion Control, LLC ("Missouri Contracting") is a limited liability company organized under the laws of the State of Missouri. Its registered agent is Mark Wells, 59151 Redbud Road, California, Missouri 65108. Its principal place of business is 59151 Redbud Road, California, Missouri 65108. Upon information and belief, the members of this limited liability company are citizens of the State of Missouri.

7. Defendant MCEC Services, LLC ("MCEC") is a limited liability company organized under the laws of the State of Missouri. Its registered agent is Mark Wells, 343 Big Bear Drive, Post Office Box 2555, Lake Ozark, Missouri 65049. Its principal place of business is 343 Big Bear Drive, Lake Ozark, Missouri 65049. Upon information and belief, the members of this limited liability company are citizens of the State of Missouri.

8. Defendant 247 Ranch, LLC ("247 Ranch") is a limited liability company organized under the laws of the State of Utah. Its registered agent is Registered Agents Inc., 881 Baxter Drive, Suite 100, South Jordan, Utah 84095. Its principal place of business is 24518 Karman Avenue, Lincoln, Benton County, Missouri 65325. Upon information and belief, the members of the limited liability company are citizens of the States of Missouri and North Carolina.

9. Defendant KDF Transportation Inc. ("Transportation") is a corporation organized under the laws of the State of Missouri. Its registered agent is Registered Agents Inc., 117 South

Lexington Street, Suite 100, Harrisonville, Missouri 64701. Its principal place of business is 401 East North Street, Eldon, Missouri 65026.

10.     Defendant Double Diamond Farms, LLC ("DDF") is a limited liability company organized under the laws of the State of Missouri. Its registered agent is Mark Wells, 59151 Redbud Road, California, Missouri 65018. Its principal place of business is 59151 Redbud Road, California, Missouri 65018. Upon information and belief, the members of this limited liability company are citizens of the State of Missouri.

11.     Defendant Double Diamond Enterprises, LLC ("DDE") is a limited liability company organized under the laws of the State of Missouri. Its registered agent is Mark Wells 59151 Redbud Road, California, Missouri, 65018. Its principal place of business is 59151 Redbud Road, California, Missouri, 65018. Upon information and belief, the members of this limited liability company are citizens of the State of Missouri.

12.     Defendant 247 Cattle Drive, LLC ("247 Cattle") is a limited liability company organized under the laws of the State of Texas. Its registered agent is Registered Agents Inc., 5900 Balcones Drive, Suite 100, Austin, Texas, 78731. Its principal place of business is 24518 Karmen Avenue, Lincoln, Missouri 65338. Upon information and belief, the members of this limited liability company are citizens of the State of Missouri.

13.     Defendant West Coast Enterprises, LLC ("WCE") is a limited liability company organized under the laws of the State of Missouri. Its registered agent is Cynthia D. Smith, 343 Big Bear Drive, Post Office Box 2555, Lake Ozark, Missouri 65049. Its principal place of business is 343 Big Bear Drive, Post Office Box 2555, Lake Ozark, Missouri 65049. Upon information and belief, the members of this limited liability company are citizens of the State of Missouri.

14.     Defendant Show Me Logging, LLC ("SML") is a limited liability company organized under the laws of the State of Missouri. Its registered agent is Cynthia Smith, 343 Big Bear Drive, Post Office Box 2555, Lake Ozark, Missouri 65049. Its principal place of business is 343 Big Bear Drive, Post Office Box 2555, Lake Ozark, Missouri 65049. Upon information and belief, the members of this limited liability company are citizens of the State of Missouri.

15.     Defendant 247, Inc. ("247") is a corporation organized under the laws of the State of Missouri. Its registered agent is Cynthia Wells, 24518 Karman Avenue, Lincoln, Missouri 65338. Its principal place of business is 24518 Karman Avenue, Lincoln, Missouri 65338.

16.     Defendant Rae's Ranch, LLC ("Rae's") is a limited liability Company organized under the laws of the State of Missouri. Its registered agent is Cynthia Wells, 24518 Karman Avenue, Lincoln, Missouri 65338. Its principal place of business is 24661 Highway W, Lincoln, Missouri 65338. Upon information and belief, the members of this limited liability company are citizens of the State of Missouri.

17.     Defendant GW2, LLC ("GW2") is a limited liability company organized under the laws of the State of Missouri. Its registered agent is Cynthia Wells, 24518 Karman Avenue, Lincoln, Missouri 65338. Its principal place of business is 24518 Karman Avenue, Lincoln, Missouri 65338. Upon information and belief, the members of this limited liability company are citizens of the State of Missouri.

18.     Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1332, Local Rule 3.2, as there is complete diversity between the parties, the amount in controversy exceeds $75,000, and the acts complained of occurred in Lincoln, Benton County, Missouri.

6

**Facts Common to All Counts**

19.     On January 1, 2019, James Donald Dearing, sole shareholder of Forestry, Enterprises, and Wells entered into an Assignment of Shares of Forestry. ("the Assignment").

20.     Under the terms of the Assignment, two hundred shares of the total one thousand shares of Forestry stock were conveyed, transferred, and assigned unto Wells.

21.     Wells held the shares according to the Bylaws of Forestry.

22.     The Forestry Bylaws provide in relevant part:

    22.1.   The business and affairs of Forestry shall be managed by and all corporate powers shall be exercised by or under the direction of the Board of Directors;

    22.2.   Any action required or permitted to be taken by the Board of Directors, or committee thereof, may be taken without a meeting if all members of the Board of Directors, or of such committee, consent in writing to such an action;

    22.3.   No contract or transaction between Forestry and one or more of its directors or between Forestry and any other corporation, firm, or association in which one or more of the Corporation's directors are directors or have a financial interest, shall be void or voidable solely for this reason, or solely because such director or directors are present at the meeting during which the Board of Directors or committee thereof authorizes, approves or ratifies the contract or transaction, or solely because their votes are counted for such a purpose if: (1) the material facts of their relationship or interest and as to the contract or transaction are fully disclosed or known to the shareholders

7

and said contract or transaction is approved by the shareholders in good faith with the shares owned by the interested director not being entitled to vote thereon; (2) the material facts to the interested director's relationship or interest and as to the contract or transaction are fully disclosed or are known to the Board of Directors, or the committee, and the Board of Directors, or committee, authorizes, approves, or ratifies the contract or transaction in good faith by a vote sufficient without counting the vote of the interested director, and the contract or transaction is just and reasonable to Forestry at the time it is authorized, approved, or ratified; or (3) the contract or transaction is fair as to Forestry as of the time it is authorized, approved, or ratified by the Board of Directors, or a committee thereof, or the shareholders as applicable;

22.4. The officers of Forestry shall have such powers and duties in the management of Forestry.

23. On December 4, 2019, Wayne Kilpatrick, Managing Member Director and Shareholder of Forestry; Wells, Director and Shareholder of Forestry; and Michael Martin Chief Financial Officer of Forestry and witness, executed the Consent of Directors and Shareholders of KDF Forestry, Inc. ("The December 4, 2019 Consent").

24. The December 4, 2019 Consent ratified the prior purchase of certain assets between Plaintiffs.

25. The December 4, 2019 Consent only authorized Wells "to execute and deliver, in the name and on behalf of [Forestry] the bill of sale, promissory note, and any and all transactional documents, agreements, certificates, documents, or other instrumentalities and take from time to

8

time any and all other action as in necessary or desirable to carry out fully the purpose of the foregoing resolutions."

26. Between October 2020 and April 2021, Wells and 247 Ranch incurred forty nine thousand seven hundred twenty-four dollars and ninety-eight cents ($49,724.98) in charges to Foley Industries, Inc., 1601 E.77th Street North, Park City, Kansas, which was invoiced to Forestry.

27. The equipment ordered from Foley Industries, Inc. was delivered to 24518 Karman Avenue, Lincoln, Benton County, Missouri 6533, Wells' residence and the principal place of business of 247 Ranch.

28. The services requested from Foley Industries, Inc. were performed at 24518 Karman Avenue, Lincoln, Benton County, Missouri 6533, Wells' residence and the principal place of business of 247 Ranch.

29. Forestry did not authorize Wells to order the equipment or maintenance services from Foley Industries, Inc., nor did Forestry subsequently authorize, approve, or ratify the transactions after they occurred.

30. On or about March 15, 2021, 247 Ranch, through its owner Smith-Wells, entered into an installment sales contract with Holt of California, 1521 West Charter Way, Stockton, California, for the rental-conversion of a 2017 Caterpillar 325FLCR medium hydraulic excavator, serial number XAA10020, ("Installment Sales Contract, Contract Number 001-70026928").

31. Installment Sales Contract, Contract Number 001-70026928 was for the cash sale price of one hundred forty-nine thousand, seven hundred five dollars and eighty-eight cents ($149,705.88). The amount financed was ninety-five thousand four hundred forty dollars and sixty-eight cents ($95,440.68).

32.     Installment Sales Contract, Contract Number 001-70026928 was assigned to Caterpillar Financial Services Corporation. Smith purporting to act as "Officer" of Forestry executed a Guaranty of Installment Sales Contract, Contract Number 001-70026928.

33.     Smith-Wells was not a shareholder, director, or officer of Forestry, and had no authority to enter into a Guaranty agreement on Forestry's behalf.

34.     Installment Sales Contract, Contract Number 001-70026928 identified Wells as the person that ordered the excavator on behalf of customer No.: 1251180, Forestry, for a job location of 247 Ranch LLC 3941 Park Drive, #20716, El Dorado, California, 95762.

35.     Forestry did not authorize Wells to order the subject excavator, nor did it subsequently authorize, approve, or ratify the transaction after it occurred.

36.     On or about September 13, 2022, Forestry received an invoice for equipment maintenance performed by 247 Ranch on Forestry's equipment from May 2022 to September 2022 totaling seven thousand ninety-five dollars and nine cents ($7,095.09).

37.     Forestry did not authorize 247 Ranch to preform equipment maintenance on its equipment.

38.     Forestry did not subsequently authorize, approve, or ratify the transaction after it occurred.

39.     At all times material hereto, Forestry owned certain heavy equipment (hereinafter collectively referred to as "Forestry's equipment"), namely:

      39.1.   2001 White Ford Ranger Pickup Truck, License Plate No.: 35379Z2, VIN 1FTYR10U41PA73219;

      39.2.   2009 White Ford F750 Bucket Truck, License Plate No.: 59AAXBC, Unit No. 403, VIN: 3FRXF75B79V190807;

39.3.   2011 White Freightliner M2 Bucket Truck, License Plate No.: 59AAXHE, Unit No.: 405, VIN: 1FVACXDU9BDAU8343;

39.4.   2012 White International 4400 Bucket Truck, License Plate No.: 59AAXBR, Unit No.: 406, VIN: 1HTMKAAN2DH339784;

39.5.   2007 White Ford F750 Bucket Truck, License Plate No.: 59AAXBN, Unit No.: 407, VIN: 3FRXF75F57V475764;

39.6.   2010 White Ford F750 Bucket Truck, License Plate No.: 59AAXB9, Unit No.: 409, VIN:3FRNF7FB8AV266352;

39.7.   2010 White Ford F750 Bucket Truck, License Plate No.: 59AAXBP, Unit No.: 410, VIN: 3FRNF7FB5AV271203

39.8.   2010 White Ford F750 Bucket Truck, License Plate No.: 59AAXBB, Unit No.: 411, VIN: 3FRNF7FB4AV271855;

39.9.   2010 White Ford F750 Bucket Truck, License Plate No.: 59AAXB8, Unit No.: 422, VIN: 3FRNF7FB5AV270830;

39.10.  2006 White International 4300 Bucket Truck, License Plate No.: 59AAXBE, Unit No.: 424, VIN: 1HTMMAAN36H215706;

39.11.  2020 White Freightliner 108SD Dump Body, VIN: 3ALHEB2024K1034659;

39.12.  2013 White International Durastar 4400 4X2 MA035 Bucket Truck, License Plate No.: 59AAXB6, Unit No.: 508, VIN: 3HAMKAZR3DL236942;

39.13.  2021 Black Load Trail XH8320072_29618, License Plate No.: 59AA49P, VIN: 4ZECH2024M1231112;

39.14. 2021 Black Load Trail 20' Tandem Axel, License Plate No.: 4TZ7754CA, VIN: 4ZECH2024M1234267;

39.15. 2021 Black Load Trail XH8320072_29618, License Plate No.: 59AA49M, VIN: 4ZECH2029M1234278;

39.16. 2019 White Norstar EXB8320072RR 32050 Flat Bed Trailer, License Plate No.: 59AA6NR, VIN: 50HEB2024K1034659;

39.17. 2020 White Norstar EXB8320072ES2D02R07C00 Flat Bed Trailer, License Plate No.: 59AA6NP, VIN: 50HEB2023L1039272;

39.18. 2010 White Spev Concession Stand Trailer, License Plate No.: 82KOTA VIN: 1S9SE5328AP408167;

39.19. 2020 Morbank Eeger Beever 1821 Track Chipper, Unit No.: 905, VIN: 4S8SZ1601LW026288;

39.20. 2008 Dark Blue Peterbilt Chassis Cab Power Unit, VIN: 1NPWLUTX88D763740;

39.21. Utility Trailer XH8320072_29618, License Plate No.: 4TZ7754, Unit No.: 001, VIN: 4ZECH2024M1234267;

39.22. 2000 Peterbilt Low Boy Trailer, License Plate No.: 59TR027A, VIN: 1XP5DB9X2YD523447;

40. The estimated value of Forestry's equipment is nine hundred fifty two thousand two hundred eleven dollars and ninety cents ($952,211.90).

41. At all times material hereto, Enterprises owned certain heavy equipment (hereinafter collectively referred to as "Enterprises' equipment"):

41.1. 1999 White Ford F350 Econoline Van, License Plate No.: 59ADE2D,

VIN: 1FTSS34F1XHB16290;

41.2.  2000 Red Peterbilt 379 Day Cab Power Unit, License Plate No.: 59AAXEX; VIN: 1XP5DB9X2YD523447;

41.3.  2002 White Peterbilt 379 Day Cab Power Unit, License Plate No.: 59AAXHO; VIN: 1XP5DB9X22N571662;

41.4.  2002 White Peterbilt 379 Day Cab Power Unit, License Plate No.: 59AAXEY; VIN: 1XP5DB9X52D571676;

41.5.  1999 Black Greatlakes 20' Enclosed Cargo Trailer, License Plate No.: 59AA3U2, VIN: 1G9CD1820XS139921;

41.6.  2016 Apex Hydro-Broadcast Seeder, VIN: OXA5000010101;

41.7.  1998 Yellow AG-Chem Terra-Gator 8103 2500 Power Unit for Hydro Seeder, Equipment No.: X.98.90.3226;

41.8.  Windrower;

41.9.  Pole Light, Unit No.: 437414.

42.  The estimated value of Enterprises' equipment is three hundred sixty-six thousand nine hundred dollars ($366,900.00).

43.  At all times material hereto, Forestry owned certain inventory (hereinafter collectively referred to as "Forestry's inventory"), namely:

43.1.  Climb Gear, including: thirty four small saddles; sixty one medium saddles; ten large saddles; two hundred sixty-nine carabiner climbs; twenty-seven carabiner big dans; forty-three carabiner rock exoticas; twenty tool hooks; one hundred hitch climber pulleys; fifty-seven rescue pulleys; eighty-five flip-lines; seventy-eight friction savers; one hundred twenty-one prussics;

forty-seven chainsaw lanyards; ninety-five handsaws; thirty eight Gecko climb spikes;

43.2. Ropes, including: ninety-one climb lines; fifty-nine bull ropes; twelve tag lines; six 3-strands;

43.3. Ground Gear, including: thirty-four 5 to 1s; forty-one redirect blocks; fifty-eight porter wraps; thirty-eight whoopee slings; sixty-three dead-eye slings; eleven rope winches; sixteen throwball cubes; twenty-three cubes with string; thirty-four complete cubes; two throwball strings; nine throwballs; one hundred eight wedges; forty-six McLeouds; thirty-six shovels; forty axes; one Maul; one Maddox; fifty-eight fist pumps; twenty-two collapsible fist pumps;

43.4. Bucket Gear, including: thirty-one harnesses; thirty-one lanyards; twelve scabbards; twelve covers; six hydraulic saws;

43.5. Safety and First Aid Gear, including: fourteen small tear-away vests; sixteen medium tear-away vests; twenty-seven X-Large tear-away vests; nine 2X-Large tear-away vests; sixty bloodstoppers; sixty-four logger first aid kits; fifty-one chaps; twenty-one complete fire bags; sixty-seven 5lb. fire extinguishers; one 2.5lb fire extinguisher; thirty-six safety glasses;

43.6. Husqvarna Saws, including: four electric saws; five batteries; nine 562xp saws; twenty-one 372xp saws; seven 395xp saws; three 395xp saws (new in box); four 550xp saws; one 572xp saw; one T540xp saw;

43.7. Husqvarna Bars, including: thirteen 24" bars; two 28" bars; eight 32" bars; one 36" bar;

43.8.  STHIL Saws, including: three MS194t saws (new in box); forty-five MS201t saws; three MS400 saws; four MS661 saws; two MS462 saws; one MS271 saw; two MS261 saws; five MS362 saws; two MS461 saws; three MS881 saws;

43.9.  STHIL Bars, including: seven 14" bars; eleven 16" bars; four 28" bars; one 32" bar; two 36" bars;

43.10.  Handheld Blowers, including: nineteen STHIL blowers; two Husqvarna blowers; three homelite blowers;

43.11.  Pole Saws, including: fourteen 4' base saws; thirteen 4' extension saws; sixty-one 6' base saws; one hundred nine 6' extension saws; three 8' extension saws; seven 10' base saws; seventy-one clip head saws; fifty-one saw head saws; eight slingshot head saws; ten replacement springs; six hydraulic saws.

44.  The estimated value of Forestry's inventory is four hundred eighty-four thousand, four hundred eighty dollars ($484,480.00).

45.  Upon information and belief, beginning in January 2023, Wells began secreting Plaintiffs' equipment and inventory from their control and possession in California to locations within the State of Missouri associated with Wells, Smith-Wells, or their companies – Missouri Contracting, MCEC, 247 Ranch, Transportation, DDF, DDE, 247 Cattle, WCE, SML, 247, Rae's, GW2 – namely, 24518 Karman Avenue, Lincoln, Benton County, Missouri 65338; 59151 Redbud Road, California, Missouri 65108; 343 Big Bear Drive, Lake Ozark, Missouri 65049.

46.  As part of the efforts to take Plaintiffs' equipment and inventory from their possession, Orchekowski acting in concert with Wells, and holding herself out as an employee of

Forestry, redirected the delivery of an equipment trailer from Springville, Alabama to 24518 Karman Avenue, Lincoln, Benton County, Missouri 65325. Forestry did not authorize Orchekowski to redirect the trailer.

47.     As part of the efforts to take Plaintiffs' equipment and inventory from their possession, Defendants disabled the global positioning systems in the equipment to conceal from Plaintiffs the whereabouts of their equipment.

48.     Plaintiffs did not instruct Defendants to remove their equipment and inventory from California.

49.     Plaintiffs did not instruct Defendants to store their equipment and inventory at locations within the State of Missouri associated with Wells, Smith-Wells, or their companies – Missouri Contracting, MCEC, 247 Ranch, Transportation, DDF, DDE, 247 Cattle, WCE, SML, 247, Rae's, GW2 – namely, 24518 Karman Avenue, Lincoln, Benton County, Missouri 65338; 59151 Redbud Road, California, Missouri 65108; 343 Big Bear Drive, Lake Ozark, Missouri 65049.

50.     Plaintiffs have not ratified the actions of Defendants with respect to the removal of their equipment and inventory from California.

51.     Plaintiffs have not ratified the actions of Defendants with respect to the storage of their equipment and inventory at locations within the State of Missouri associated with Wells, Smith-Wells, or their companies – Missouri Contracting, MCEC, 247 Ranch, Transportation, DDF, DDE, 247 Cattle, WCE, SML, 247, Rae's, GW2 – namely, 24518 Karman Avenue, Lincoln, Benton County, Missouri 65338; 59151 Redbud Road, California, Missouri 65108; 343 Big Bear Drive, Lake Ozark, Missouri 65049..

52.     On or about February 9, 2023, Plaintiffs sent Wells a letter via counsel to cease and desist in his removal of Plaintiffs' property from their possession and to return all Plaintiffs' property in their possession within twenty-four hours.

53.     Defendants refused to return Plaintiffs' equipment and inventory.

54.     On or about March 6, 2023, Plaintiffs were able to retrieve some of their equipment and inventory. Upon the arrival of Plaintiffs' retrieved equipment and inventory to Alabama, an inventory was conducted.

55.     To date, some of Forestry's equipment remains missing and unaccounted for (hereinafter collectively referred to as "Forestry's missing equipment"), namely:

55.1.   2001 White Ford Ranger Pickup Truck, License Plate No.: 35379Z2, VIN 1FTYR10U41PA73219;

55.2.   2020 White Freightliner 108SD Dump Body, VIN: 3ALHEB2024K1034659;

55.3.   2021 Black Load Trail 20' Tandem Axel, License Plate No.: 4TZ7754CA, VIN: 4ZECH2024M1234267;

55.4.   2019 White Norstar EXB8320072RR 32050 Flat Bed Trailer, License Plate No.: 59AA6NR, VIN: 50HEB2024K1034659;

55.5.   2020 White Norstar EXB8320072ES2D02R07C00 Flat Bed Trailer, License Plate No.: 59AA6NP, VIN: 50HEB2023L1039272;

55.6.   2008 Dark Blue Peterbilt Chassis Cab Power Unit, VIN: 1NPWLUTX88D763740;

55.7.   2000 Peterbilt Low Boy Trailer, License Plate No.: 59TR027A, VIN: 1XP5DB9X2YD523447.

56.     The estimated value of Forestry's missing equipment s is one hundred ninety six thousand, six hundred eighty three dollars and twenty-five cents ($196,683.25).

57.     To date, some of Enterprises' equipment remains missing and unaccounted for (hereinafter collectively referred to as "Enterprises' missing equipment"), namely:

    57.1.   1999 Black Greatlakes 20' Enclosed Cargo Trailer, License Plate No.: 59AA3U2, VIN: 1G9CD1820XS139921;

    57.2.   2016 Apex Hydro-Broadcast Seeder, VIN: OXA5000010101;

    57.3.   Windrower;

    57.4.   Pole Light, Unit No.: 437414.

58.     The estimated value of Enterprises' missing equipment is two hundred sixty-five thousand four hundred dollars ($265,400.00).

59.     To date, some of Forestry's inventory remains missing and unaccounted for (hereinafter collectively referred to as "Forestry's missing inventory"), namely:

    59.1.   seven climb saddles;

    59.2.   Husqvarna saws, including: seven 372xp saws, 395xp saws;

    59.3.   Husqvarna bars, including: three 24" bars, three 32" bars;

    59.4.   STIHL saws, including: three MS194T saws; three MS201T saws, one MS400 saw, two MS661 saws, four MS362 saw, one MS261 saw, four MS362 saws, two MS881 saws;

    59.5.   STIHL bars, including: four 14" bars, seven 16" bars;

    59.6.   one STIHL blower;

    59.7.   three hydraulic saws;

    59.8.   two bucket harnesses.

60.     The estimated value of Enterprises' missing inventory is forty six thousand five hundred seventy dollars ($46,570.00).

61.     Forestry's equipment trailer contained a "hide-a-key" which has been removed from the trailer before its return to Forestry. Upon information and belief the same is still in the possession of Wells, Smith-Wells, or their companies – Missouri Contracting, MCEC, 247 Ranch, Transportation, DDF, DDE, 247 Cattle, WCE, SML, 247, Rae's, GW2.

62.     Upon information and belief, Plaintiffs' missing equipment and inventory is located in the State of Missouri at a location associated with Wells, Smith-Wells, or their companies – Missouri Contracting, MCEC, 247 Ranch, Transportation, DDF, DDE, 247 Cattle, WCE, SML, 247, Rae's, GW2 – namely, 24518 Karman Avenue, Lincoln, Benton County, Missouri 65338; 59151 Redbud Road, California, Missouri 65108; 343 Big Bear Drive, Lake Ozark, Missouri 65049.

63.     Upon information and belief, Wells and Smith-Wells, either directly or through their companies – Missouri Contracting, MCEC, 247 Ranch, Transportation, DDF, DDE, 247 Cattle, WCE, SML, 247, Rae's, GW2 – have converted Plaintiffs' missing property and inventory and is using it to perform jobs that do not include Plaintiffs, for which Plaintiffs are not being compensated for the use of their equipment and inventory, and from which Plaintiffs are not receiving a share of the profits.

### Count I – Conversion against All Defendants
### for Plaintiffs' Property and Inventory Recovered on March 6, 2023

64.     Plaintiffs incorporate ¶¶ 1 -64 as if fully set forth herein.

65.     Plaintiffs were the owners of certain equipment and inventory, and accordingly, they were entitled to possession of the same.

66. Defendants took possession of Plaintiffs' equipment and inventory with the intent to exercise control over the same for their personal and/or separate business use.

67. Defendants thereby deprived Plaintiffs of possession of the subject equipment and inventory to which it was lawfully entitled.

68. Plaintiffs did not consent to Defendants' taking of the subject equipment and inventory.

69. Prior to Defendants' taking, the subject equipment and inventory was in the exclusive possession and control of Plaintiffs.

70. Defendants' taking of the subject equipment and inventory and their use of the same caused Plaintiffs damages, including but not limited to, the difference between the fair market value of the equipment and inventory prior to and after the conversion; the reasonable value of Plaintiffs' lost use of the equipment and inventory while it was wrongfully possessed by Defendants; the reasonable costs to repair the damage to the subject equipment and inventory; and the reasonable costs incurred by Plaintiffs to retrieve the equipment and inventory.

71. Defendants' actions were willful, contumacious, and without good cause, and committed with a complete indifference to or conscious disregard of Plaintiffs' rights; thus, Plaintiffs request an award of punitive damages as would deter similar actions by Defendants, and others similarly situated in the future, in an amount to be determined by the jury.

WHEREFORE, Plaintiffs KDF Forestry, Inc. and KDF Enterprises, LLC, respectfully request that the Court enter judgment in their favor, against Defendants Mark Wells, Dawn Wells a/k/a Cynthia Dawn Smith a/k/a Cynthia Wells, Kristina Orchekowski, Missouri Contracting & Erosion Control, LLC, MCEC Services, LLC, 247 Ranch, LLC, KDF Transportation Inc., Double Diamond Farms, LLC, Double Diamond Enterprises, LLC, 247 Cattle Drive, LLC, West Coast

Enterprises, LLC, Show Me Logging, LLC, 247, Inc., Rae's Ranch, LLC, and GW2, LLC, jointly and severally, for their actual damages in an amount that is determined by the jury to be fair and reasonable in excess of seventy-five thousand dollars ($75,000.00); that Plaintiffs KDF Forestry, Inc. and KDF Enterprises, LLC, be awarded an additional amount for punitive damages in a sum greater than seventy-five thousand dollars ($75,000.00) to be determined by the jury, so as to punish Defendants Mark Wells, Dawn Wells a/k/a Cynthia Dawn Smith a/k/a Cynthia Wells, Kristina Orchekowski, Missouri Contracting & Erosion Control, LLC, MCEC Services, LLC, 247 Ranch, LLC, KDF Transportation Inc., Double Diamond Farms, LLC, Double Diamond Enterprises, LLC, 247 Cattle Drive, LLC, West Coast Enterprises, LLC, Show Me Logging, LLC, 247, Inc., Rae's Ranch, LLC, and GW2, LLC, and deter them from like conduct; for an award of pre- and post-judgment interest as allowed by law; for an award of Plaintiffs KDF Forestry, Inc. and KDF Enterprises, LLC's costs incurred herein; and for such other and further relief as the Court deems just and proper under the circumstances.

### Count II – Replevin against All Defendants
### for Plaintiffs' Missing Property and Inventory

72. Plaintiffs incorporate ¶¶ 1 -71 as if fully set forth herein.

73. Plaintiffs are the owners of certain missing equipment and inventory, as set forth in ¶¶ 55, 57, 59, and accordingly, they are entitled to immediate possession of the same.

74. Defendants took possession of the missing equipment and inventory with the intent to exercise control over the same for their personal and/or separate business use.

75. Plaintiffs have made demand to Defendants for possession of the missing equipment and inventory.

76. Defendants intentionally failed to return possession of the missing equipment and property to Plaintiffs.

77. Plaintiffs did not consent to Defendants' taking of the subject equipment and inventory.

78. Prior to Defendants' taking, the subject equipment and inventory was in the exclusive possession and control of Plaintiffs.

79. Defendants' taking of the missing equipment and inventory and their use of the same has caused Plaintiffs damages including but not limited to, the fair market value of the missing equipment and inventory at the time of the conversion.

80. Plaintiffs seek a judgment entitling them to immediate possession of their property as identified in ¶¶ 55, 57, 59.

81. Plaintiffs' property identified in ¶¶ 55, 57, 59, has an actual value of five hundred eight thousand six hundred fifty-three dollars and twenty five cents ($508,653.25).

82. Plaintiffs' property identified in ¶¶ 55, 57, 59, has not been seized under any process, execution or attachment against Plaintiffs' property.

83. Plaintiffs are in danger of losing their property identified in ¶¶ 55, 57, 59 if the property is not taken out of the possession of Defendants' or otherwise secured.

84. Defendants' actions were willful, contumacious, and without good cause, and committed with a complete indifference to or conscious disregard of Plaintiffs' rights; thus, Plaintiffs request an award of punitive damages as would deter similar actions by Defendants, and others similarly situated in the future, in an amount to be determined by the jury.

WHEREFORE, Plaintiffs KDF Forestry, Inc. and KDF Enterprises, LLC, respectfully request that the Court enter judgment in their favor, against Defendants Mark Wells, Dawn Wells a/k/a Cynthia Dawn Smith a/k/a Cynthia Wells, Kristina Orchekowski, Missouri Contracting & Erosion Control, LLC, MCEC Services, LLC, 247 Ranch, LLC, KDF Transportation Inc., Double

Diamond Farms, LLC, Double Diamond Enterprises, LLC, 247 Cattle Drive, LLC, West Coast Enterprises, LLC, Show Me Logging, LLC, 247, Inc., Rae's Ranch, LLC, and GW2, LLC, jointly and severally, for an Order restoring possession of Plaintiffs' property identified in Paragraphs 55, 57, and 59; for an Order determining the actual value of the Plaintiffs' property identified in Paragraphs 55, 57, and 59; for their actual damages in an amount that is determined by the jury to be fair and reasonable in excess of seventy-five thousand dollars ($75,000.00); that Plaintiffs KDF Forestry, Inc. and KDF Enterprises, LLC, be awarded an additional amount for punitive damages in a sum greater than seventy-five thousand dollars ($75,000.00) to be determined by the jury, so as to punish Defendants Mark Wells, Dawn Wells a/k/a Cynthia Dawn Smith a/k/a Cynthia Wells, Kristina Orchekowski, Missouri Contracting & Erosion Control, LLC, MCEC Services, LLC, 247 Ranch, LLC, KDF Transportation Inc., Double Diamond Farms, LLC, Double Diamond Enterprises, LLC, 247 Cattle Drive, LLC, West Coast Enterprises, LLC, Show Me Logging, LLC, 247, Inc., Rae's Ranch, LLC, and GW2, LLC, and deter them from like conduct; for an award of pre- and post-judgment interest as allowed by law; for an award of Plaintiffs KDF Forestry, Inc. and KDF Enterprises, LLC's costs incurred herein; and for such other and further relief as the Court deems just and proper under the circumstances.

### Count III – Breach of Fiduciary Duty against Wells

85.     Plaintiffs incorporate ¶¶ 1 - 84 as if fully set forth herein.

86.     As a shareholder and director of Forestry, Wells occupied positions of the highest trust and confidence and was required to exercise the utmost good faith when using the powers conferred upon him by Forestry.

87.     Wells breached his fiduciary duty in the following non-exclusive ways:

87.1. In ordering certain equipment and maintenance services from Foley Industries, Inc. for his own benefit and the benefit of 247 Ranch and invoicing Forestry for the costs of the same without authorization;

87.2. In authorizing 247 Ranch to perform certain equipment maintenance on Forestry equipment, without the approval of Forestry and without disclosing his interest in the transaction;

87.3. In entering into Installment Sales Contract, Contract Number 001-70026928, purportedly on behalf of Forestry, when in fact, 247 Ranch was the recipient of the hydraulic excavator;

87.4. In permitting Smith-Wells to hold herself out as an "officer" of Forestry, to execute a guarantee from Forestry on the amount financed in Installment Sales Contract, Contract Number 001-70026928;

87.5. In taking possession of Plaintiffs' equipment and inventory without the permission of Plaintiffs' and refusing to the return the same;

87.6. In engaging in a pattern and practice of self-dealing to his own benefit and the benefit of Smith-Wells and their associated companies, and to the detriment of Forestry;

87.7. In entering into contracts without the authority of Forestry and in excess of his authority to act on Forestry's behalf;

87.8. In creating financial liability and encumbrances for Forestry without the authority of Forestry and in excess of his authority to act on Forestry's behalf.

88.     As a direct and proximate result of Wells' breaches of his fiduciary duty, Forestry suffered damages, including but not limited to; the costs to Forestry of its personal guarantee on Installment Sales Contract, Contract Number 001-70026928; the harm to Forestry's business relationships as a result of Wells' conduct; and the usurpation of Forestry's business opportunities.

89.     Wells' actions were willful, contumacious, and without good cause, and committed with a complete indifference to or conscious disregard of Forestry's rights; thus, Forestry requests an award of punitive damages as would deter similar actions by Wells, and others similarly situated in the future, in an amount to be determined by the jury.

WHEREFORE,  Plaintiff KDF Forestry, Inc. respectfully requests that the Court enter judgment in its favor, against Defendant Mark Wells for its actual damages in an amount that is determined by the jury to be fair and reasonable in excess of seventy-five thousand dollars ($75,000.00); that Plaintiff KDF Forestry, Inc. be awarded an additional amount for punitive damages in a sum greater than seventy-five thousand dollars ($75,000.00) to be determined by the jury, so as to punish Defendant Mark Wells and deter him from like conduct; for an award of pre- and post-judgment interest as allowed by law; for an award of Plaintiff KDF Forestry, Inc.'s costs incurred herein; and for such other and further relief as the Court deems just and proper under the circumstances.

### Count IV – Civil Conspiracy against All Defendants

90.     Plaintiffs incorporate ¶¶ 1 - 89 as if fully set forth herein.

91.     Defendants conspired together to order equipment and maintenance services in Forestry's name without its authorization of the same. Indeed, the equipment and maintenance services ordered in fact benefited Wells, Smith-Wells, and 247 Ranch, and obligated Forestry to pay for the costs associated with the equipment and maintenance.

92.     In one such instance, Wells caused two trucks to be ordered and delivered to Orchekowski's residence in California as the vendor would not deliver the subject trucks to an address in Missouri (upon information and belief, 24518 Karman Avenue, Lincoln, Benton County, Missouri 65325) unrelated to Forestry. The delivery to the California address was in an attempt to conceal the true nature of the transaction, namely, to benefit Wells, Smith-Wells, and their associated companies.

93.     As part of the efforts to take Plaintiffs' equipment and inventory from their possession, Orchekowski acting in concert with Wells, and holding herself out as an employee of Forestry, redirected the delivery of an equipment trailer from Springville, Alabama to 24518 Karman Avenue, Lincoln, Benton County, Missouri 65325. Forestry did not authorize Orchekowski to redirect the trailer.

94.     In furtherance of the conspiracy, Defendants disabled the global positioning systems in the subject equipment in an effort to conceal from Plaintiffs the whereabouts of their subject equipment.

95.     Upon information and belief, no later than October 1, 2020, Defendants had a meeting of the minds in which they set out to accomplish the diversion of Plaintiffs' equipment and inventory; to obligate Forestry to pay for equipment and services for Defendants' benefit; to usurp Plaintiffs' corporate opportunities; and to enrich themselves to Plaintiffs' detriment.

96.     In the course and scope of the conspiracy, Defendants caused the diversion of Plaintiffs' equipment and inventory; to obligate Forestry to pay for equipment and services for Defendants' benefit; to usurp Plaintiffs' corporate opportunities; and to enrich themselves to Plaintiffs' detriment.

97.     Plaintiffs have incurred and continue to incur damages as a direct and proximate result of the conspiracy.

98.     Defendants' actions were willful, contumacious, and without good cause, and committed with a complete indifference to or conscious disregard of Plaintiffs' rights; thus, Plaintiffs' requests an award of punitive damages as would deter similar actions by Defendants, and others similarly situated in the future, in an amount to be determined by the jury.

WHEREFORE,  Plaintiffs KDF Forestry, Inc. and KDF Enterprises, LLC, respectfully request that the Court enter judgment in their favor, against Defendants Mark Wells, Dawn Wells a/k/a Cynthia Dawn Smith a/k/a Cynthia Wells, Kristina Orchekowski, Missouri Contracting & Erosion Control, LLC, MCEC Services, LLC, 247 Ranch, LLC, KDF Transportation Inc., Double Diamond Farms, LLC, Double Diamond Enterprises, LLC, 247 Cattle Drive, LLC, West Coast Enterprises, LLC, Show Me Logging, LLC, 247, Inc., Rae's Ranch, LLC, and GW2, LLC,  jointly and severally, for their actual damages in an amount that is determined by the jury to be fair and reasonable in excess of seventy-five thousand dollars ($75,000.00); that Plaintiffs KDF Forestry, Inc. and KDF Enterprises, LLC, be awarded an additional amount for punitive damages in a sum greater than seventy-five thousand dollars ($75,000.00) to be determined by the jury, so as to punish Defendants  Mark Wells, Dawn Wells a/k/a Cynthia Dawn Smith a/k/a Cynthia Wells, Kristina Orchekowski, Missouri Contracting & Erosion Control, LLC, MCEC Services, LLC, 247 Ranch, LLC, KDF Transportation Inc., Double Diamond Farms, LLC, Double Diamond Enterprises, LLC, 247 Cattle Drive, LLC, West Coast Enterprises, LLC, Show Me Logging, LLC, 247, Inc., Rae's Ranch, LLC, and GW2, LLC, and deter them from like conduct; for an award of pre- and post-judgment interest as allowed by law; for an award of Plaintiffs KDF Forestry, Inc.

and KDF Enterprises, LLC's costs incurred herein; and for such other and further relief as the Court deems just and proper under the circumstances.

### Count V – Civil Conspiracy in Violation of the Racketeer Influenced and Corrupt Organizations Act Against All Defendants

99.     Plaintiffs incorporate ¶¶ 1 - 98 as if fully set forth herein.

100.    The acts of Defendants as set forth in the preceding paragraphs, were a scheme to defraud Plaintiffs, and to obtain property by false and fraudulent pretenses in violation of 18 U.S.C. §1962.

101.    To accomplish their scheme, Defendants used cellular text messages and electronic mail in interstate commerce, which constitutes wire fraud in violation of 18 U.S.C. §1343.

102.    In cellular text messages and electronic mail, Defendants, put forth the following fraudulent pretenses in an effort to defraud Plaintiffs and to obtain property:

102.1.  Wells represented to Foley Industries, Inc., and Holt of California, that he had authority to order equipment and services on Forestry's behalf;

102.2.  Wells represented to Foley Industries, Inc., and Holt of California, that he equipment and services ordered were for Forestry's benefit, and that Forestry should be invoiced for the same;

102.3.  Smith-Wells held herself out as an "officer" of Forestry, to execute a guarantee from Forestry on the amount financed in Installment Sales Contract, Contract Number 001-70026928;

102.4.  Defendants orchestrated the taking of Plaintiffs' equipment and inventory from Plaintiffs' possession and its delivery to locations within the State of Missouri associated with Wells, Smith-Wells, or their companies –

28

Missouri Contracting, MCEC, 247 Ranch, Transportation, DDF, DDE, 247 Cattle, WCE, SML, 247, Rae's, GW2 – namely, 24518 Karman Avenue, Lincoln, Benton County, Missouri 65338; 59151 Redbud Road, California, Missouri 65108; 343 Big Bear Drive, Lake Ozark, Missouri 65049.

103.    Plaintiffs' business and property were harmed by Defendants' scheme to defraud Plaintiffs, and to obtain property by false and fraudulent pretenses.

104.    Plaintiffs have incurred and continue to incur damages as a direct and proximate result of the scheme to defraud Plaintiffs, and to obtain property by false and fraudulent pretenses.

WHEREFORE,  Plaintiffs KDF Forestry, Inc. and KDF Enterprises, LLC respectfully request that the Court enter judgment in their favor, against Defendants Mark Wells  Dawn Wells a/k/a Cynthia Dawn Smith a/k/a Cynthia Wells, Kristina Orchekowski, Missouri Contracting & Erosion Control, LLC, MCEC Services, LLC, 247 Ranch, LLC, KDF Transportation Inc., Double Diamond Farms, LLC, Double Diamond Enterprises, LLC, 247 Cattle Drive, LLC, West Coast Enterprises, LLC, Show Me Logging, LLC, 247, Inc., Rae's Ranch, LLC, and GW2, LLC, jointly and severally, for treble its actual damages in an amount that is determined by the jury to be fair and reasonable in excess of seventy-five thousand dollars ($75,000.00) in accordance with 18 U.S.C. § 1964(c); for an award of pre- and post-judgment interest as allowed by law; for an award of Plaintiff KDF Forestry, Inc. and KDF Enterprises, LLC's costs incurred herein; for an award of Plaintiff KDF Forestry, Inc. and KDF Enterprises, LLC's reasonable attorney's fees in accordance with 18 U.S.C. § 1964(c); and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By:    /s/ James C. Morris
_____
James C. Morris, #53074
Jacqueline M. Duvall, #67078
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Tel: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
jduvall@grsm.com

*Attorneys for Plaintiffs KDF Forestry,
Inc., and KDF Enterprises, LLC*