IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KDF FORESTRY, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-04072-BCW |
| ) | |
| MARK WELLS, et al., ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFFS' AMENDED MOTION
FOR PRELIMINARY INJUNCTION**

COME NOW Defendants Mark Wells, Dawn Wells, Missouri Contracting & Erosion Control, LLC, MCEC Services, LLC, 247 Ranch, LLC, Double Diamond Farms, LLC, Double Diamond Enterprises, LLC, 247 Cattle Drive, LLC, West Coast Enterprises, LLC, Show Me Logging, LLC, 247, Inc., Rae's Ranch, LLC, and GW2, LLC, by and through counsel, and for their Response to Plaintiffs' Amended Motion for Preliminary Injunction, state as follows:

1. These Defendants deny the allegations in paragraph 1.

2. These Defendants admit the allegations in paragraph 2.

3. These Defendants admit that Defendant Mark Wells was assigned shares of stock in KDF Forestry, Inc., but deny the remaining allegations set forth in paragraph 3 as stated.

4. These Defendants deny the allegations in paragraph 4.

5. These Defendants lack sufficient information to admit or deny the allegations set forth in paragraph 5 and therefore deny the same.

6. These Defendants lack sufficient information to admit or deny the allegations set forth in paragraph 6 and therefore deny the same.

1

7. These Defendants deny the allegations in paragraph 7, including subparagraphs 7.1 through 7.3.

8. These Defendants deny the allegations in paragraph 8.

9. These Defendants admit the allegations of paragraph 9 and affirmatively state that any and all of Plaintiffs equipment and inventory that was in Defendants' possession has been returned to Plaintiffs.

10. These Defendants deny the allegations in paragraph 10 as stated, but affirmatively state that on or about March 6, 2023, any and all of Plaintiffs' equipment and inventory that was in Defendants possession was returned to Plaintiffs.

11. These Defendants deny the allegations in paragraph 11, including subparagraphs 11.1 through 11.3.

12. These Defendants deny the allegations in paragraph 12.

13. These Defendants deny the allegations in paragraph 13.

14. These Defendants deny the allegations in paragraph 14.

15. These Defendants deny the allegations in paragraph 15, including subparagraphs 15.1 through 15. 3.

16. These Defendants deny the allegations in paragraph 16.

17. These Defendants deny the allegations in paragraph 17.

18. These Defendants deny the allegations in paragraph 18.

19. These Defendants deny the allegations in paragraph 19.

20. Paragraph 20 merely states Plaintiffs submit a memorandum of law along with their motion, and does not require a response, but to the extent a response is necessary, these Defendants deny the allegations in paragraph 20.

## FURTHER RESPONSE TO PLAINTIFFS' FIRST AMENDED MOTION FOR PRELIMINARY INJUNCTION

COME NOW Defendants Mark Wells, Dawn Wells, Missouri Contracting & Erosion Control, LLC, MCEC Services, LLC, 247 Ranch, LLC, Double Diamond Farms, LLC, Double Diamond Enterprises, LLC, 247 Cattle Drive, LLC, West Coast Enterprises, LLC, Show Me Logging, LLC, 247, Inc., Rae's Ranch, LLC, and GW2, LLC, by and through counsel, and for their Further Response to Plaintiffs' Amended Motion for Preliminary Injunction, state as follows:

21. In order to be granted a preliminary injunction, Plaintiffs have the burden of establishing: (1) whether there is substantial probability they will succeed at trial, (2) whether he will suffer irreparable injury absent an injunction, (3) the harm to other interested parties if relief is granted, and (4) the effect on the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 112-13 (8th Cir. 1981).

22. Plaintiffs merely allege there is substantial probability they will succeed at trial without any additional supporting facts, and the material allegations that would lead to any liability of Defendants are expressly denied.

23. Plaintiffs claim Defendant Mark Wells will suffer no harm if the injunction is granted, but that is not the case. Defendant Mark Wells, as a shareholder of KDF Forestry, Inc. ("Plaintiff Forestry"), would be precluded from identifying himself as a shareholder of Plaintiff Forestry or to act within his authority as a shareholder if the injunction is granted.

24. Plaintiffs request that this Court enjoin Defendant Mark Wells from using, moving, disposing of, or encumbering Plaintiffs' equipment and inventory in Defendants' possession, and then Plaintiffs list a number of pieces of equipment that are owned by Defendants.

25. Defendant Double Diamond Farms, LLC owns the 2016 Apex Hydro-Broadcast Seeder, VIN: OXA5000010101; and non-party 247 Ranch LLC, a Wyoming limited liability company, owns the 2008 Dark Blue Peterbilt Chassis Cab Power Unit, VIN: 1NPWLUTX88D763740; and the Windrower.

26. Therefore, Defendants object to the preliminary injunction requested by Plaintiffs insofar as it seeks to enjoin Defendants from using, moving, disposing of, or encumbering Defendants' own equipment.

27. As to the remaining equipment listed by Plaintiffs in their First Amended Motion for Preliminary Injunction, Defendants object to Plaintiffs' request to enjoin Defendants from using, moving, disposing of, or encumbering the remaining equipment on the grounds that Defendants do not possess any of the remaining equipment, as Defendants either never possessed the remaining equipment, or if they did at one time possess it, Defendants have already returned such equipment to Plaintiffs.

28. Furthermore, to the extent Defendants locate any of the remaining equipment, Defendants will promptly return such equipment to Plaintiffs.

29. Defendants acknowledge that Defendant Dawn Wells is no longer employed by Plaintiff Forestry, and do not object to Plaintiffs' request that she not hold herself out to be a member of Plaintiffs' business, acting on Plaintiffs' behalf, or acting with Plaintiffs' consent.

30. To the extent Plaintiffs' request a preliminary injunction that Defendant Mark Wells not hold himself out to be a member of Plaintiffs' business, acting on Plaintiffs' behalf, or acting with Plaintiffs' consent, Defendants object on the grounds that Defendant Mark Wells is a shareholder of Plaintiff Forestry, and therefore must be permitted to hold himself out to be a shareholder of Plaintiff Forestry, and may, to the extent allowed under the bylaws and any

4

shareholder agreement, act on behalf of Plaintiff Forestry or with the consent of Plaintiff Forestry.

WHEREFORE, Defendants Mark Wells, Dawn Wells, Missouri Contracting & Erosion Control, LLC, MCEC Services, LLC, 247 Ranch, LLC, Double Diamond Farms, LLC, Double Diamond Enterprises, LLC, 247 Cattle Drive, LLC, West Coast Enterprises, LLC, Show Me Logging, LLC, 247, Inc., Rae's Ranch, LLC, and GW2, LLC, request that the preliminary injunction be denied.

SMITH LEWIS, LLP

/s/ Phebe La Mar
Phebe La Mar, #49777
111 South Ninth Street, Suite 200
P.O. Box 918
Columbia, MO 65205-0918
(573) 443-3141
(573) 442-6686 (Facsimile)
lamar@smithlewis.com

Attorney for Defendants Mark Wells, Dawn Wells, Missouri Contracting & Erosion Control, LLC, MCEC Services, LLC, 247 Ranch, LLC, Double Diamond Farms, LLC, Double Diamond Enterprises, LLC, 247 Cattle Drive, LLC, West Coast Enterprises, LLC, Show Me Logging, LLC, 247, Inc., Rae's Ranch, LLC, and GW2, LLC

**CERTIFICATE OF SERVICE**

I certify that on April 14, 2023, I served this document upon all parties of record through the Court's electronic filing system..

/s/ Phebe La Mar
Phebe La Mar